```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**ROBERT A. HUBBARD**                                              **PLAINTIFF**

**VERSUS**                                       **CAUSE NO. 3:13cv140-TSL-JMR**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS and COMMISSIONER
CHRISTOPHER EPPS**                                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DISMISSING MDOC

This matter is before the Court sua sponte. At the time this action was initiated, pro se plaintiff Robert A. Hubbard was incarcerated with the Mississippi Department of Corrections ("MDOC"). He brings this action challenging the conditions of his prior confinement. The court has considered and liberally construed the pleadings. As set forth below, defendant MDOC is dismissed.

### BACKGROUND

Hubbard alleges that he was incarcerated with MDOC from 2005 to 2013. For approximately the first seven years, he contends he was subjected to second hand cigarette smoke, which allegedly caused damage to his physical health. Among others, he sues MDOC for compensatory, punitive, and nominal damages.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding in forma pauperis in this court. The statute provides in pertinent part, "the court shall dismiss the

case at any time if the court determines that . . . the action . . . -(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id.  The court has permitted Hubbard to proceed in forma pauperis in this action.  His Complaint is subject to sua sponte dismissal under § 1915.

Hubbard sues MDOC for damages under § 1983, and read liberally, under state law for failure to protect him from second hand smoke.

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State .

> . . . subjects, or causes to be subjected, any citizen of
> the United States . . . to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  Id. at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; Scott v. Miss. Dep't of Corrs., No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the § 1983 claim against MDOC is dismissed.

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, the state law claims against MDOC are dismissed as well.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, defendant Mississippi Department of Corrections should be and is hereby **DISMISSED**.  The § 1983 claim against it is dismissed with prejudice.  The State law claims against MDOC are dismissed without prejudice.  The remainder of the case shall

proceed.

**SO ORDERED**, this the 25th day of June, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE