## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

ROBERT A. HUBBARD                                        PLAINTIFF

VERSUS                                 CAUSE NO. 3:13cv140-TSL-JMR

MISSISSIPPI DEPARTMENT OF
CORRECTIONS and COMMISSIONER
CHRISTOPHER EPPS                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER DISMISSING MDOC

This matter is before the Court <u>sua sponte</u>. At the time
this action was initiated, <u>pro se</u> plaintiff Robert A. Hubbard was
incarcerated with the Mississippi Department of Corrections
("MDOC"). He brings this action challenging the conditions of
his prior confinement. The court has considered and liberally
construed the pleadings. As set forth below, defendant MDOC is
dismissed.

### BACKGROUND

Hubbard alleges that he was incarcerated with MDOC from 2005
to 2013. For approximately the first seven years, he contends he
was subjected to second hand cigarette smoke, which allegedly
caused damage to his physical health. Among others, he sues MDOC
for compensatory, punitive, and nominal damages.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to
prisoners proceeding <u>in forma pauperis</u> in this court. The
statute provides in pertinent part, "the court shall dismiss the

case at any time if the court determines that . . . the action .
. . –(i) is frivolous or malicious; (ii) fails to state a claim
on which relief may be granted; or (iii) seeks monetary relief
against a defendant who is immune from such relief." 28 U.S.C. §
1915(e)(2)(B). The statute "accords judges not only the
authority to dismiss a claim based on an indisputably meritless
legal theory, but also the unusual power to pierce the veil of
the complaint's factual allegations and dismiss those claims
whose factual contentions are clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding
under Section 1915(d), [a federal court] may consider, sua
sponte, affirmative defenses that are apparent from the record
even where they have not been addressed or raised." Ali v.
Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the
court is authorized to test the proceeding for frivolousness or
maliciousness even before service of process or before the filing
of the answer." Id. The court has permitted Hubbard to proceed
in forma pauperis in this action. His Complaint is subject to
sua sponte dismissal under § 1915.

Hubbard sues MDOC for damages under § 1983, and read
liberally, under state law for failure to protect him from second
hand smoke.

Section 1983 provides:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State .

2

> . . . subjects, or causes to be subjected, any citizen of
> the United States . . . to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress. . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to

suit under this statute, because "a State is not a person within

the meaning of § 1983." Will v. Mich. Dep't of State Police, 491

U.S. 58, 64 (1989).  This holding likewise applies to "any

governmental entities that are considered 'arms of the State' for

Eleventh Amendment purposes." Id. at 70.  MDOC is considered an

arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; Scott

v. Miss. Dep't of Corrs., No. 2:05cv2159-KS-JMR, 2006 U.S. Dist.

LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).  Therefore, the §

1983 claim against MDOC is dismissed.

To the extent MDOC is sued under the Mississippi Tort Claims

Act, the Act does not waive the State's Eleventh Amendment

immunity "from suit in federal court."  Miss. Code Ann. § 11-46-

5(4).  Therefore, the state law claims against MDOC are dismissed

as well.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

stated above, defendant Mississippi Department of Corrections

should be and is hereby **DISMISSED**.  The § 1983 claim against it

is dismissed with prejudice.  The State law claims against MDOC

are dismissed without prejudice.  The remainder of the case shall

3

proceed.

**SO ORDERED**, this the 25th day of June, 2013.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE