UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT A. HUBBARD                                                                           PLAINTIFF

V.                                                                           CASE NO. 3:13cv140-TSL-JCG

CHRISTOPHER EPPS                                                                           DEFENDANT

REPORT AND RECOMMENDATION

This case is before the Court on the motion for summary judgment filed by Defendant Christopher Epps on July 14, 2014. [32]. Plaintiff Robert Hubbard did not file a response. Having considered the motion, case record, and applicable law, the undersigned is of the opinion that the motion for summary judgment should be granted.

Facts

Plaintiff filed a complaint alleging unconstitutional conditions of prison confinement pursuant to 42 U.S.C. § 1983 on March 8, 2013.[1] [1]. Plaintiff was incarcerated as a post-conviction inmate in the custody of the Mississippi Department of Corrections (MDOC) when the complaint was filed. Plaintiff was released from prison after the filing of his complaint and is no longer incarcerated.

The complaint alleges that Plaintiff was exposed to excessive amounts of second-hand tobacco smoke as a prisoner in the custody of the MDOC. Plaintiff further alleges that he suffers from headaches, dizziness, shortness of breath, and coughing of green mucus from his throat as a result of the exposure. Plaintiff claims that the exposure harmed his physical health and violated his constitutional rights under the Eighth Amendment. Plaintiff seeks only monetary relief.

---

[1] This Court has subject matter jurisdiction over the case under 28 U.S.C. §1331 since Plaintiff's claims are asserted pursuant to 42 U.S.C. § 1983.

All claims against the MDOC were dismissed on June 25, 2013. [12]. The Court subsequently conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on March 10, 2014. Plaintiff clarified that his complaint alleges that the smoke-free policy at SMCI is not being enforced, thereby allowing inmates at the facility to smoke. Plaintiff claims that the failure of Defendant Christopher Epps to enforce the non-smoking policies caused him to be exposed to high amounts of second-hand tobacco smoke. Defendant Christopher Epps is the Commissioner of the MDOC.

On July 14, 2014, Defendant filed a motion for summary judgment based on sovereign and qualified immunity. [32]. Attached thereto is a sworn affidavit signed by Defendant stating that "as Commissioner, I have no personal role in the enforcement of smoking policies at MDOC facilities, including, but not limited to, South Mississippi Correctional Institute (SMCI)." [32-1, ¶4]. The affidavit further states that Defendant has had no personal involvement with Plaintiff. [32-1, ¶9]. Plaintiff did not respond to Defendant's motion for summary judgment.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003). When considering a summary judgment motion, a court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

## Analysis

### I. All claims asserted against Defendant Epps in his official capacity should be dismissed pursuant to Fed.R.Civ.P. 56.

A cause of action "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Sovereign immunity precludes suits against state agencies, officials, and employees when a plaintiff seeks recovery of monetary damages from the State or from public funds. *Karpovs v. Miss.* 663 F.2d 640, 643 (5th Cir.1981). Absent consent, a state "is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst State School and Hosp.*, 465 U.S. 89, 100 (1984).

The doctrine of sovereign immunity thus precludes all claims asserted against Defendant in his official capacity as Commissioner of the MDOC. Any claim asserted against Defendant in his official capacity must therefore be construed as a claim against the State of Mississippi. As Mississippi has not consented to suit in this Court or otherwise waived its sovereign immunity, neither it nor Defendant can be held liable for Plaintiff's claims for money damages. Defendant is therefore entitled to summary judgment to the extent Plaintiff asserts claims against Defendant in his official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Oliver also sought damages against Scott and Johnson in their official and individual capacities. The district court held that the Eleventh Amendment bars Oliver's suit for damages against officials in their official capacity. We twice have held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ [Texas Department of Criminal Justice] officers in their official capacity.").

## II. All claims asserted against Defendant Epps in his individual capacity should also be dismissed pursuant to Fed.R.Civ.P. 56.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). "A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law." *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006). Once the defense of qualified immunity is raised, "the burden shifts to the plaintiff who may rebut entitlement to immunity by demonstrating that 'the official's allegedly wrongful conduct violated clearly established law.'" *Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012) (quoting *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010)).

In this case, Defendant raised qualified immunity as an affirmative defense in response to the claims stated in Plaintiff's complaint. [16, p.2]. Plaintiff therefore "must shoulder the burden of pleading a prima facie case, including the obligation of alleging 'detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Lynch v. Cannatella,* 810 F.2d 1363, 1376 (5th Cir. 1987). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)).

In this case, Plaintiff must satisfy the two-part test in *Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993), to make a valid constitutional claim based on exposure to second-hand smoke. The first part of the test requires Plaintiff to *objectively* show that he is "being exposed to unreasonably high levels" of second-hand tobacco smoke.

*Id.* at 35. The Court must assess the seriousness of potential harm and the likelihood that the exposure will cause that harm in evaluating the first requirement. *Id.* at 36. The second part of the test requires Plaintiff to *subjectively* show that Defendant is being deliberately indifferent to his medical situation. *Id.* Plaintiff must establish that Defendant knew he faced a substantial harm or risk and that the Defendant failed to take reasonable steps to prevent that substantial harm or risk to prove deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed 2d 811 (1994).

In this case, Plaintiff does not have a valid constitutional claim based on exposure to second-hand tobacco smoke because he fails to show that Defendant Epps was deliberately indifferent to his medical condition. Deliberate indifference requires that a state actor know of and disregard a significant risk to the victim's health or safety. *Farmer*, 511 U.S. at 837. "The state actor's actual knowledge is critical to the inquiry –a failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, does not rise to the level of deliberate indifference." *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 326 at n.8 (5th Cir. 2002) (internal quotations omitted)).

Defendant has submitted uncontroverted sworn testimony that he has no personal role in enforcing smoking policies at SMCI or any other MDOC facility. [32-1, ¶4]. Defendant further testified that he has had no personal involvement with Plaintiff. [32-1, ¶9]. Defendant could not have acted with "deliberate indifference" to Plaintiff because he never had any personal involvement with him. Plaintiff fails to offer any evidence to the contrary. Plaintiff's individual-capacity claims against Defendant should therefore be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 56.

**RECOMMENDATION**

Based on the above analysis, the undersigned recommends that Defendant's Motion for Summary Judgment [32] be granted and that this case be dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 5th day of November, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO